## Burt *et al. versus* Herron's Executors.

1. Mere precatory words will not convert a legatee or devisee of an absolute gift, into a trustee unless it affirmatively appear they were intended to be imperative.

2. Words expressive of desire, &c. as to the direct disposition of the estate, will constitute a bequest or devise.

3. All expressions in a will indicative of a testator's wish or will are commands.

4. A clause in a will was "I desire that all my just debts, and those of Herron Brothers, be paid as soon as conveniently can be after my dissolution." *Held,* that this was a direction that the debts of Herron Brothers should be paid out of his estate.

5. The direction was not an assumption of the debts by which his estate was charged, but a legacy to the creditors of Herron Brothers as a class.

6. The law courts had jurisdiction to enforce payment of the legacy.

7. The jurisdiction of the Orphans' Court is exclusive only when the legacy is charged on land.

November 5th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

[Burt v. Herron.]

Error to the District Court of *Allegheny county*: No. 150, to October and November Term 1869.

This was an action of debt, to November Term 1867, by Charles S. and J. Burt against William A. Herron and others, executors, &c., of John Herron, deceased.

The declaration was, that the firm of Herron Brothers was indebted, in April and November 1855, to the plaintiffs in the sum of $2201.79 on a dishonored note and money deposited by the plaintiffs with them, and that the deceased, by his will, duly proved, directed that all the debts of Herron Brothers should be paid; which the defendants, as executors, refused. F. J. Herron, W. A. Herron, R. G. Herron, and J. D. Herron, composed the firm of Herron Brothers, and were sons of the testator, and executors of his will. J. D. Herron was dead.

On the trial before Kirkpatrick, J., July 20th 1869, the plaintiffs offered in evidence the will of John Herron, dated April 9th 1862, and proved May 8th 1863, of which the following is an extract:—

"First, I desire that all my just debts and those of Herron, Brothers be paid as soon as conveniently can be after my dissolution. Second, I give, devise and bequeath all my estate, real, personal and mixed, to my beloved wife, Clara, to her and her heirs, for ever."

This offer was objected to, rejected, and a bill of exceptions sealed.

The plaintiffs then made the following offers, all which were rejected, and several bills of exceptions sealed:—

"That under their father's will and by virtue of it, the executors have been paying the debts of Herron Brothers, and as executors promised to pay the debt here sued for."

"That at the time of the making of the father's will the firm of Herron Brothers was insolvent, and that they were insolvent at the time of the death of their father."

"That the father intended that the executors should pay the debts of Herron Brothers, and that the clause in the will providing for the payment of the debts of Herron Brothers was inserted for that purpose."

"That the amount claimed in this suit is a valid subsisting debt against Herron Brothers, and unpaid."

Judge Kirkpatrick charged:—

"We instruct you that under the evidence in this case your verdict must be for the defendants, the plaintiffs having in our judgment offered no testimony to entitle them to a verdict. In our opinion, on the construction of the will there is no legal liability upon the part of the estate of John Herron, deceased."

Under the charge of the court the verdict was for the defend-

16 P. F. Smith—26

ants. The plaintiffs took a writ of error, and assigned the rejection of their offers and the instruction of the court, for error.

*J. F. White*, for plaintiff in error.—If the will be doubtful, evidence to show the condition of the testator's family was pertinent : Marshall's Appeal, 2 Barr 388 ; Stoner's Appeal, Id. 428 ; Rewalt *v.* Ulrich, 11 Harris 388 ; Earp's Will, 1 Parsons 457 ; Jones *v.* McKee, 3 Barr 496 ; 2 Phillips on Ev. 637 ; 1 Redfield on Wills 674, 686. Words of desire, &c., are imperative unless it clearly appears that they are not so used : 1 Jarman on Wills 352 ; 1 Redfield on Wills 174, 175 ; 1 Williams on Exrs. 87 ; 10 Bac. Abr. 539 ; Coates' Appeal, 2 Barr 129 ; Jackson *v.* Jackson, Id. 212 ; Pennock's Estate, 8 Harris 268.

*T. MacConnell* (with whom was *W. C. Aughinbaugh*), for defendants in error.—Under the Statute of Frauds, Act of April 26th 1855, § 1, Pamph. L. 308, Purd. 497, pl. 4, the agreement to pay the debt of another must be certain in itself without re-course to parol evidence. The expression in the will is too indefinite to create a legacy : 1 Redfield on Wills 176, 177, 697, 698 ; 2 Story's Eq. Jur., § 1069–1073. The plaintiffs as legatees could enforce their claim only in the Orphans' Court : Ashford *v.* Ewing, 1 Casey 213 ; Black *v.* Black, 10 Id. 354 ; 2 Redfield on Wills 284.

The opinion of the court was delivered, January 3d 1871, by

SHARSWOOD, J.—It is undoubtedly true that where a testator makes an absolute devise or bequest, mere precatory words of desire or recommendation annexed will not in general convert the devisee or legatee into a trustee, unless indeed it appear affirmatively that they were intended to be imperative. The authorities, which are somewhat discordant, were fully examined in Pennock's Estate, 8 Harris 268, and the rule of construction settled upon what seems to be the most reasonable foundation. But the industry and learning of the able counsel for the defendants in error have not succeeded in finding any case where words expressive of desire, request or recommendation as to the direct disposition of the estate have not been held to be sufficient. Should a testator say merely, " I desire A. B. to have a thousand dollars," it would be as effectual a legacy as if he was expressly to direct or will it, or were to add, " out of my estate," or that it should be paid by his executor. The reason is obvious. A will, in its very nature, is the disposition which the testator desires to have made of his estate after his death. All the expressions in it indicative of his wish or will are commands. It is different when, having made a disposition, he expresses a desire that the legatee or devisee should make a certain use of his bounty. It would have been so

[Burt *v.* Herron.]

had a legacy been left to Herron Brothers, with a desire expressed that they should pay their debts. It would not have constituted them trustees of the fund as to their creditors. They could have paid some, but when the fund was exhausted the rest would have had no claim. None of them would have had any right to come upon it except as the property of their debtors. When the testator in this case declared: "I desire that all my just debts and those of Herron Brothers be paid as soon as conveniently can be after my dissolution," it was his will that this should be carried into effect by his executors in the only way in which he could expect it to be done—out of his estate. If it had been intended as the mere expression of a desire that Herron Brothers should pay their own debts, it was singularly out of place and inappropriate, unless accompanied with a bequest to them of the means to do so. The collocation of the words confirms this construction, if it needed any. Certainly he meant to will that his own just debts should be paid out of his estate by his executors as soon as conveniently could be after his dissolution. The debts of Herron Brothers are classed with his own. It is very true that he could not by these, or any other words, put the debts of Herron Brothers on an equality with his own. He could not thus make them his debts. It was not an assumption of them which would make his estate liable for them as debts. There was no consideration to sustain such an assumption. It was a voluntary gift—a legacy to the creditors of Herron Brothers as a class. His own debts were a claim of justice upon his estate paramount to his will. If the estate was not sufficient to pay both, his own debts, of course, must be preferred, and those of Herron Brothers must abate proportionably. There was no uncertainty in the bequest which would render it void on that account. Both the persons of the legatees and the amount to be paid to each were capable of legal ascertainment. *Id certum est quod certum reddi potest.* Nor was there any difficulty in regard to the jurisdiction of the court. The Act of February 24th 1834, § 50, Pamph. L. 83, gives an action of debt, detinue, account render or an action on the case to any person to whom any bequest of money or other goods and chattels may be made by any last will and testament, and makes special provision for the case of want of assets by a stay of proceedings until an account can be settled in the Orphans' Court. It is only when a legacy is charged on real estate that the jurisdiction of the Orphans' Court has been held to be exclusive under the 59th section of the act, Pamph. L. 84: Downer *v.* Downer, 9 Watts 60; Craven *v.* Bleakney, Ibid. 19; Strickler *v.* Sheaffer, 5 Barr 240. The 4th, 5th and 6th assignments of error are therefore sustained.

Under the construction thus placed upon the will of John Herron, the other assignments of error become immaterial. Un-

[Burt *v.* Herron.]

doubtedly, the fact that the executors had paid other debts of Herron Brothers was inadmissible as any evidence to sustain the action of the plaintiffs; and the construction the executors had put upon the will was immaterial. They could not make the estate liable by their acts or their promise, if in point of law it was not. Even to take the case out of the Statute of Limitations, these would have been unavailable: Fritz *v.* Thomas, 1 Whart. 66. To charge the executors upon their own promise with proof of assets, the action must have been against them personally, and their promise in writing, by the Act of April 26th 1855, Pamph. L. 308. The fact of the insolvency of Herron Brothers was entirely immaterial, and any parol evidence of the intention of the testator dehors the will clearly inadmissible.

Judgment reversed, and <em>venire de novo</em> awarded.