## Boyle *v.* Boyle et al., Appellants.

[Marked to be reported.]

*Wills—Life estate—Fee—Precatory words.*

Mere precatory words, or words of command, or words of explanation, are not enough to establish an intention that is not to be gathered from a consideration of the operative words upon the face of a will.

A will provided as follows: "As to my worldly goods, after my just debts are paid, I give and bequeath to my beloved wife all my property, real and personal, for her support during her natural lifetime; any remainder at her decease to be disposed of by her as she may think just and right among my children." *Held,* that the words of the will import an absolute gift, and give a fee with all its incidents, including the power to sell and the power to devise. The words referring to the remainder do not limit the estate, as they are merely precatory.

Argued Oct. 11, 1892. Appeal, No. 187, Oct. T., 1891, by defendants, Henry R. Boyle et al., from judgment of C. P. Beaver Co., June T., 1890, No. 267, for plaintiff, Christopher C. Boyle, in ejectment, tried before court without jury. Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Ejectment by plaintiff as heir of David Boyle.

The facts appear by the opinion of the Supreme Court. The case was tried before the court, WICKHAM, P. J., without a jury. The court in an opinion, found in favor of plaintiff. Exceptions were filed by defendants, which were dismissed by the court, and judgment entered for plaintiff.

Counsel in court below agreed that widow had only life estate. By written agreement question of fee simple was presented here.

*Errors assigned*, were, among others, (1) entry of judgment; (2) action of the court in not finding that Rhoda Boyle took a fee simple; (3, 4) findings as to ouster and adverse possession; (5–7) rulings on evidence; (8, 9) conclusions of law as to exercise of power under will; (10) as to statute of limitations.

*Louis E. Grim,* with him *Henry Hice* and *David S. Naugle,* for appellants.—The intent of the testator is to be gathered from the four corners of the will taken as a whole: Jauretche v. Proctor, 48 Pa. 466; Hunter's Est., 6 Pa. 97; Thomson's Ap., 89 Pa. 36; Wright's Ap., 89 Pa. 67; Reck's Ap., 78 Pa. 432; Forsythe v. Forsythe, 108 Pa. 129. The main intent

was the support of the wife even to the consumption of the whole estate.

Rhoda Boyle took the personal property absolutely: Pennock's Est., 20 Pa. 268; Forsythe v. Forsythe, 108 Pa. 129; Church v. Disbrow, 52 Pa. 219; Diehl's Ap., 36 Pa. 120; Cox v. Rogers, 77 Pa. 160; Markley's Est., 132 Pa. 352. The intent as to the real estate was the same.

The surrounding circumstances and extent of the estate may be considered in arriving at the intent of the testator: Postlewaite's Ap., 68 Pa. 478; Markley's Est., 132 Pa. 354.

As the personalty and realty are blended in the same devise, the real estate was charged with her support: Cook v. Petty, 108 Pa. 138; Gallagher's Ap., 48 Pa. 121.

All mere technical rules of construction must give way to the plainly expressed intention of the testator, if lawful: Reck's Ap., 78 Pa. 435; Markley's Est., 132 Pa. 354; Good v. Fichthorn, 144 Pa. 291; McCormick v. McElligott, 127 Pa. 230.

The will gives a power of sale by implication, and under the following cases the fee would be vested in Rhoda Boyle: Forsythe v. Forsythe, 108 Pa. 129; Jauretche v. Proctor, 48 Pa. 466; Church v. Disbrow, 52 Pa. 219; Snyder v. Baer, 144 Pa. 278; Good v. Fichthorn, 144 Pa. 288; Grove's Est., 58 Pa. 429; Morris v. Phaler, 1 Watts, 389; Hinckle's Ap., 116 Pa. 498; Coane v. Parmentier, 10 Pa. 72; Markley's Est., 132 Pa. 352.

If the concluding words are merely precatory, they would not be sufficient to cut down the estate which the former parts of the will would give her: Pennock's Est., 20 Pa. 268; Jauretche v. Proctor, 48 Pa. 466; Church v. Disbrow, 52 Pa. 219; Burt v. Herron's Ex'rs, 66 Pa. 400; Good v. Fichthorn, 144 Pa. 278, 287; Anders v. Gerhard, 140 Pa. 154; McCormick v. McElligott, 127 Pa. 230; McIntyre v. McIntyre, 123 Pa. 330; Kinter v. Jenks, 43 Pa. 445; Biddle's Ap., 80 Pa. 259.

Even if there be a doubt as to the testator's intention, that doubt should be solved in favor of the widow taking a fee simple estate: Smith's Ap., 23 Pa. 9; Etter's Est., 23 Pa. 381; Rewalt v. Ulrich, 23 Pa. 388; Letchworth's Ap., 30 Pa. 175; Bird's Ex'r v. Burd's Adm'r, 40 Pa. 182; Womrath v. McCormick, 51 Pa. 504; Fahrney v. Holsinger, 65 Pa. 388.

The acquiescence for so long a period of years in defendant's title ought to operate as a contemporaneous construction of the will and bar plaintiff's claim: McDonald v. Dunbar, 20 W. N. 659; Chapman v. Chapman, 59 Pa. 219; Milligan v. Sorg, 55 Pa. 216; Carr v. Wallace, 7 Watts, 394; Woods v. Wilson, 37 Pa. 379, 383.

*Edward B. Daugherty, William B. Cuthbertson* with him, for appellee.—The words of the will are clear that Rhoda Boyle did not take a fee ; the intention is equally plain. In Jauretche v. Proctor, 48 Pa. 466, the first article of the will gave to testator's wife a clear fee simple in his real estate, followed by merely precatory words in the second, and an attempt in the third and fourth articles to restrain alienation. It was well held to be a devise of a fee simple.

In Follweiler's Ap., 102 Pa. 581, and Cox v. Sims, 125 Pa. 522, the respective words of the wills were " what shall be left " and " so much as remains unexpended," and it was held that the widow took only a life estate. To the same effect is Fox's Ap., 99 Pa. 382. These cases rule this case.

OPINION BY MR. JUSTICE WILLIAMS, January 3, 1893 :

It is conceded that David Boyle was at the time of his death in 1866 the owner of the land in controversy, and that both parties to this action claimed title under him. The plaintiff seeks to recover, as one of the children and heirs at law, his distributive share in his father's real estate under the intestate laws. The defendants rely upon the last will and testament of David Boyle, by the terms of which he devised an estate in this land to his wife. If that estate was for life only then the plaintiff would seem to be entitled to a verdict; but if it was an estate in fee simple then the defendants are her successors in title and the plaintiff cannot recover. This controversy depends therefore on the construction of the will which is in the following form : " As to my worldly goods, after my just debts are paid, I give and bequeath to my loving wife Rhoda all my property real and personal, for her support during her natural life-time ; any remainder at her decease to be disposed of by her, as she may think just and right, among my children." The real estate consisted of a one half interest in a farm of ninety acres. The personal estate consisted of

three cows, some farming tools and his household furniture. The total value of both real and personal estate was probably at the time of testator's death not far from two thousand dollars. The will was duly probated and the widow took possession under it. She used the property for about two years and died. By her will she divided the real estate between two sons, John C. and Henry. She gave the personal estate in equal parts to Andrew, another son, and to the four daughters. The plaintiff was at this time in California, whither he had gone as early as 1857, and where he had continued to reside. He had been absent for eleven years when his mother made her will, and whether she knew that he was living does not appear. She did not name him in her will. Mrs. Boyle's will was duly proved and John C. and Henry went into possession and they and those holding under them have remained in possession from the death of their mother in 1868 down to the bringing of this suit in 1890. When they took possession the land was of little value and the improvements were unimportant. During the twenty-two years that had elapsed when this suit was brought two lines of railroad had been built over this little farm. The region in which it lies had been developed, and the value of the land greatly increased. After this lapse of time and this great change in the value of the property, the plaintiff brings his action on the theory that his father's will gave to his mother only a life estate with a power of appointment among his children in fee; and as he was not named in her will the execution of the power of appointment was for that reason defective, and no title passed under it. Upon the death of Mrs. Boyle without having made a valid appointment he contends that the real estate descended to the heirs at law of David Boyle, of whom he is one, and he asks to be allowed to recover one eighth part of the real estate of which his father died seized.

The question thus presented is over the estate given by the will of David Boyle to his wife Rhoda. It can admit of no doubt that the primary object of the testator's solicitude was his wife. Their children had reached maturity and most of them were settled in homes of their own. If his wife survived him she would need the care and support that he could no longer provide in person. He accordingly made his will put-

ting all that he had into her hands, that she might use it " for her support during her natural life." The words of the will import an absolute gift. " I give and bequeath to my loving wife, Rhoda, all my property real and personal." The reason he gives for this disposition of his property shows that he intended to invest her with a power of disposal, for he explains that it is " for her support." A life estate in his undivided one half of ninety acres would have been practically valueless to her in the condition in which the land then was. The words relied upon as conferring a power of appointment show with equal certainty the testator's purpose to give her a power of sale of the real as well as the personal property. He says, " any remainder at her decease," thus clearly indicating his idea that there might be nothing at all left to go to any one ; but if anything should remain of the estate so given to his wife he ex-.presses a wish that it may " be disposed of " not in a manner directed by him, but " by her as she may think just and right among my children." There is therefore a power of sale to be exercised during her lifetime for her support, and a power to dispose by will of " any remainder " left unsold and unconsumed. In the exercise of this power of disposition she is not bound by any rule of distribution which the testator lays down, but is left to do what, in view of her children's circumstances and condition, may seem to her mother's heart right and just when she comes to prepare her will.

This view of the will is conclusive of this case. It gives the widow a fee with all its incidents, including the power to sell and the power to devise, accompanied by the expressed wish of the testator that if anything shall be left unsold it may go to their children. Not necessarily in equal parts, or to all the children, but to so many and in such proportions as she may determine, when the time comes, to be " right and just." The words referring to " any remainder " do not limit his wife's estate or the preceding words of gift, but are precatory. They show his wish that if anything remains out of the little he left to his wife it may go to their children, but he submits the whole subject to her sense of right.

It is suggested that the words of trust and confidence employed by the testator operate to destroy her estate and turn her into a trustee for all the children, so that she could not

change their relative rights or interfere with the trust estate further than to use its income during her natural life.  But words of trust and confidence, without more, do not create a trust or turn a devisee into a trustee.  The intention of the testator to create a trust must be apparent, apart from the mere existence of words of trust and confidence, or none will be held to exist.

The history of the rise, decline and fall, in this state, of the doctrine that words of confidence import a trust, is illustrated in the several cases arising under Pennock's will.  The doctrine was borrowed several centuries ago by the English courts from the Roman law, and was first recognized and applied in this state in Coates's Appeal, 2 Pa. 129, which arose upon Pennock's will.  A bequest of personal estate was made by the testator to his, wife, absolutely, followed by these words: "having full confidence that she will leave the surplus to be divided at her decease justly among my children."  Upon these words it was held that the widow became a trustee for the children so that she could not use the corpus of the gift to her, but only the income derived therefrom.  A few years later the same bequest came under consideration in McKonkey's Appeal, 13 Pa. 253, and it was then held that the widow was not restricted in the use of the bequest to her by the words of confidence, but only in the disposition of the surplus remaining at her death.  The conclusion then reached was that as to such surplus the will of her husband clothed her with a power in the nature of a trust, so that all the children were beneficiaries and entitled to share to some, though not necessarily to the same, extent in the unconsumed surplus of the gift to her.  Finally in Pennock's Appeal, 20 Pa. 268, the same bequest was before this court for the third time and the doctrine of a power in the nature of a trust, arising from words of confidence, was repudiated.  The last vestige of the Roman doctrine on the subject was discarded, and in a well reasoned opinion it was held that the gift to the widow was absolute.  The words of confidence were precatory ; and both as to the income and the corpus the power of the widow as owner was without limitation.

Our later cases, with perhaps one or two exceptions, in which the question was obscured by other considerations, have followed Pennock's Appeal.  In Kinter *v.* Jenks et al., 43 Pa.

445, the testator gave the residue of his estate to his wife for her use and comfort and to be disposed of as she pleased at her death, " when no doubt she will make distribution of the same among our children." These words were held to give the wife an estate in fee simple. In Becks' Appeal, 46 Pa. 527, the testator gave, inter alia, an annual sum to be paid to his wife "for house rent." The executor claimed the right to withhold this annual sum for such years as the widow paid no house rent. We held the words, " for house rent," to be explanatory merely; and that it was the duty of the executor to pay the annual sum without inquiring what was done with it. A similar question was raised in Jauretche v. Proctor. The testator gave certain real and personal estate to his wife absolutely, but added "she not to divest herself of what I may leave her until after her death;" and directing that she should divide what then remained "in equal shares among my children." It was contended that under the terms of this will the widow took a life estate only, but this court held that she took a fee, and sustained her deed made some time before her death. A still stronger case was presented in the Second Reformed Presbyterian Church v. Disbrow, 52 Pa. 219. The testator gave real estate to his wife by his will with words of habendum, " to have and to hold and enjoy during her life time, and dispose of the same as shall seem best unto her." In the following clause he added : " It is my wish and desire that my wife will leave at her death the property, or any part that may be then remaining in her hands, for the benefit of young men studying for the ministry." We held that the wife took a fee simple and that the words of confidence, expressive also of his desire, did not limit her estate in any particular. No less in point is Bowlby v. Thunder, 105 Pa. 173. In that case the testator gave his estate to his wife absolutely. Then followed words of trust and confidence that she would divide the estate at her decease among their children and grandchildren. We held these words to be precatory and the estate of the wife a fee. Paisley's Appeal, 70 Pa. 153, resembled Becks' Appeal, supra. The testator followed the words of gift employed in his will by words explanatory of his purpose in making the gift. The explanatory words were held to have no effect upon the gift.

In Hopkins v. Glunt, 111 Pa. 287, the testator followed the words of gift with words that were strongly precatory and it was contended that they qualified the gift. This contention was not sustained, but the general rule was stated to be " After an unqualified devise by the testator precatory words to his devisee cannot defeat the estate previously granted."

Nor will words declaratory of the testator's opinion or understanding have that effect. Thus in McIntyre v. McIntyre, 123 Pa. 329, testator gave certain real estate to his wife and then added, " She will not have power to sell, but may leave the same to her children." This court did not adopt the testator's view of the legal effect of his devise, but held that she had full power to sell. Perhaps the latest case on this subject is Good v. Fichthorn, decided one year ago and reported in 144 Pa. 287. The testator in that case as in the case under consideration gave his entire estate to his wife. In case she did not consume the whole estate he made the following direction : " I do hereby enjoin and direct her " to make a will and divide the remainder in a manner which he proceeded to indicate. We held, in an opinion by our Brother MITCHELL, which fully sustained the judgment, that words of command addressed by the devisor to the devisee are as ineffectual to reduce a fee to an estate for life, as precatory or explanatory words. This does not disturb the rule that words importing a fee may be limited in their operation and the estate reduced, where, upon the whole will, it is clear that the testator intended only a life estate, as was the case in Urick's Appeal, 81 Pa. 336 ; but what we now say is that mere precatory words, or words of command, or words of explanation, are not enough to establish an intention that is not to be gathered from a consideration of the operative words upon the face of the instrument.

In the case before us the intent of the testator appears from the apt words of gift employed, and from the explanatory words in immediate connection. If these words were transferred from the close, to the beginning of the words of gift, the sentence would read thus : " For the support of my loving wife Rhoda during her natural life I give her all my property real and personal." Such transposition to aid in reaching a testator's intention was adopted, and the practice sanctioned, in Merkel's Appeal, 109 Pa. 235, where the order of the bequests was changed in order to ascertain the testator's purpose.

The appellee places much reliance on Follweiler's Appeal, 102 Pa. 581, and Cox v. Sims, 125 Pa. 522, but they do not sustain his position. In Follweiler's Appeal the testator's gift of his real and personal estate to his wife was made in express terms for life only, and the devise was construed in accordance with the words of the devisor. In Cox v. Sims the testator gave certain real and personal estate to his wife " to have and hold the same for and during the whole period of her natural life," and then devised the remainder to his children share and share alike. We held the devise over was good as to the real estate and took effect upon the termination of the wife's life ; but that it was bad as to the personal estate since an absolute gift of personalty for life clothes the donee with all the attributes of ownership. It is therefore apparent that these cases are in entire harmony with Pennock's Appeal, supra, and the long line of cases in which it has been followed.

As the title to David Boyle's real and personal estate passed to his wife under his will, and to the defendants or those under whom they claim by virtue of her will, the plaintiff has no title whatever, and the consideration of the other questions raised ·becomes unimportant.

The judgment is reversed.