204      181
d  33 SC  116

## Hardaker's Estate.

*Will—Absolute estate—Life estate—Gift to wife.*

Testator by his will devised as follows: "I give and bequeath to my wife all the remainder of my estate whether real, personal or mixed of which I may die seized or that I may be in anywise entitled to receive at present or remainder or reversion to have and enjoy during her natural life and it is also my will that she shall be my executrix with power to appoint any person to assist her in settling my estate she may think proper and further my wish and desire is that if it is my fortune to accumulate any more property real or personal or mixed shall fall wholly to my wife immediately after my decease, to have and to hold during her natural life with power to will and bequeath to whom she may prefer to be transferred according to her desires after her decease." *Held*, that the wife took an absolute, and not merely a life estate in all of the property possessed by the husband at the time of his death.

Argued Oct. 23, 1902.  Appeal, No. 95, Oct. T., 1902, by Joshua Hardaker, Thomas Hardaker and Elizabeth Pitts, next of kin of Joseph B. Hardaker, deceased, from decree of O. C. Lawrence Co., Dec. T., 1901, No. 30, overruling exceptions to auditor's report in estate of Joseph B. Hardaker.  Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ.  Affirmed.

Exception to report of John G. McConahy, Esq., auditor.

From the auditor's report it appeared that the decedent on April 29, 1874, made his will by which he directed as follows:

"Third. I give and bequeath to my wife Lizzie Hardaker whose maiden name was Lizzie Robinson all the remainder of my estate whether real, personal or mixed of which I may die seized or that I may be in anywise entitled to receive at present or remainder or reversion to have and enjoy during her natural life, and it is also my will that she shall be my executrix with power to appoint any person to assist her in settling my estate she may think proper and further my wish and desire is that if it is my fortune to accumulate any more property real, personal or mixed shall fall wholly to my wife Lizzie Hardaker immediately after my decease to have and to hold during her natural life with power to will and bequeath to whom she may prefer to be transferred according to her desires after her decease."

Testator at the date of making his will was possessed of about $15,000 worth of property. He accumulated other property afterwards. Testator's next of kin conceded that the widow was entitled absolutely to the after-acquired property, but claimed that the widow had only a life estate in the property acquired prior to the date of the will, and that as this was personal property she should give security. The auditor awarded the whole of the estate to the widow absolutely.

Exceptions to the auditor's report were dismissed by the court in an opinion by WALLACE, P. J.

Error assigned was the decree of the court.

W. H. Falls and S. W. Dana, for appellant.

Oscar L. Jackson, for appellee.

PER CURIAM, November 10, 1902:

We are satisfied that the conclusion reached by the learned auditor is correct, and the decree of the court dismissing the exceptions and confirming his report is affirmed.