## Allen, Appellant, *v.* Hirlinger.

*Wills—Life estate—Widow—Power of sale.*

Testator directed as follows: "All the balance, or whatever may remain then of my estate, real, personal and mixed, I give, devise and bequeath to my beloved wife whom I desire to be the real owner thereof, and for her only proper use, benefit and behoof, during her natural life, or so long as she remains my widow, with full permission to her to use and live therefrom as her necessities may require, and she to have the full ownership thereof, the same as I now have, and have had during my natural life. When my beloved wife dies, my will is, whatever may then remain of my estate, real, personal or mixed, I desire that the said remaining portion, if any, be given to my beloved daughter, for her individual use, benefit and behoof, granting to her full power to keep, have and to hold or dispose of the same at her individual pleasure." The estate consisted of real and personal property. *Held*, (1) that the widow had a right to use the personal property and enjoy the real estate; (2) that she had a life estate and not a fee in the real estate; and (3) that she had no power to sell the real estate.

Argued Nov. 16, 1906. Appeal, No. 205, Oct. T., 1905, by plaintiff, from judgment of C. P. Lancaster Co., April T., 1906, No. 9, for plaintiff on case stated in suit of Leonora Allen v. J. W. Hirlinger. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Case stated to determine the marketable title to real estate. Before LANDIS, P. J.

The facts are stated in the opinion of the Superior Court.

The court in an opinion by LANDIS, P. J., entered judgment for defendant.

*Error assigned* was in entering judgment for defendant on case stated.

*Wm. R. Brinton*, for appellant.—Plaintiff has a life estate in the realty with power to use the same as her necessities may require, and consequently with power to sell the real estate, and convey a fee simple title to the purchaser: Redding v.

Rice, 171 Pa. 301; Lininger's App., 110 Pa. 398; Rominger's Estate, 43 Pitts L. J. 206; Cashman's Est., 134 Ill. 88 (24 N. E. Repr. 963); Clark v. Middlesworth, 82 Ind. 240.

The widow took an absolute estate in fee simple: Kinter v. Jenks, 43 Pa. 445; Dalrymple v. Leach, 192 Ill. 51 (61 N. E. Repr. 443); Nesbit v. Clarke, 1 Penny. 483; Huber v. Hamilton, 211 Pa. 289; Boyle v. Boyle, 152 Pa. 108; Hard-aker's Est., 204 Pa. 181; Waston v. Smith, 210 Pa. 190; Murray v. Lowrie, 208 Pa. 1; Good v. Fichthorn, 144 Pa. 287.

*William S. Furst* and *C. E. Montgomery*, with them *J. W. Denlinger*, for appellees.—It is respectfully submitted that under the terms of the will and the decisions of our courts, the appellant has no authority to convey an estate in fee simple under the terms of her husband's will, and that she has a mere life interest in the real estate: Evans v. Smith, 166 Pa. 625; Tyson's Estate, 191 Pa. 218; Cooper v. Pogue, 92 Pa. 254; Fox's App., 99 Pa. 382; Oyster v. Oyster, 100 Pa. 538; Foll-weiler's App., 102 Pa. 581; Cox v. Sims, 125 Pa. 522; Long v. Paul, 127 Pa. 456; Oyster v. Knull, 137 Pa. 448; Gross v. Strominger, 178 Pa. 64; Zimmerman's Est., 23 Pa. Superior Ct. 130; Martin v. Heckman, 25 Pa. Superior Ct. 451.

OPINION BY HENDERSON, J., February 25, 1907:

It is evident from the language of the third and fourth clauses of the will under consideration that the testator intended to make both his wife and daughter objects of his benevolence. In so doing he first made provision for his wife in language appropriate to create a life estate in the real estate of which he died seized. The words of the will are, "All the balance, or whatever may remain then of my estate, real, personal and mixed, I give, devise and bequeath to my beloved wife Leonora whom I desire to be the real owner thereof, and for her only proper use, benefit and behoof during her natural life, or so long as she remains my widow, with full permission to her to use and live therefrom as her necessities may require, and she to have the full ownership thereof, the same as I now have, and have had during my natural life." The fourth clause contains the following directions: "When my beloved wife dies, my will is whatever may then remain of my estate, real, personal or mixed

I desire that the said remaining portion, if any, be given to my beloved daughter, Mary, wife of J. W. Denlinger, for her individual use, benefit and behoof, granting to her full power to keep, have and to hold or dispose of the same at her individual pleasure." That the testator had in his mind the thought that the estate which he was giving his wife would be terminated by her death or remarriage is manifest, for the language of the third clause so states. The only doubt upon that question arises from the use of the words "the real owner" and "she to have the full ownership thereof the same as I now have and have had during my natural life" in connection with the devise. It will be observed that the expression of desire that the wife be the real owner of the property bequeathed and devised precedes the declaration that it was to be for her use, benefit and behoof during her natural life or so long as she remained the testator's widow. The words were not used to enlarge the estate which the language of the will limits to the devisee's life or widowhood, but to indicate the absolute enjoyment which the testator intended she should have therein while the estate lasted. The reference to full ownership in the latter part of the clause is but a restatement in other words of the idea expressed in the term "the real owner" above quoted. The purpose apparently was to give the wife exclusive and uncontrolled use of the property until her title thereto was terminated by death or marriage. We cannot assume that the testator intended to make inconsistent and contradictory provisions in regard to the estate which he gave to his wife, and the will should be so interpreted as to give effect to all of its parts unless they are so incompatible that they cannot stand together. In the disposition made by the testator his entire estate is blended. The bequest of the use and right to live from the estate implies the right to consume and dispose of that which was personal; and as to that, she had the ownership to which the testator refers. There is, however, no express authority to sell the real estate and such power is not so plainly inferable from the language of the will that the express limitation for life must be ignored. Construed as a whole the meaning is that the widow shall have a full and unconditioned enjoyment of the estate during her life subject to be determined sooner by her marriage. This view is supported

by the provision for the testator's daughter, to whom he gives "whatever may then remain of my estate." To her he gives the right of disposal which, as we have seen, was withheld in the case of his widow. The testator had, as we conclude from the language of his will, an understanding of the difference between an estate for life or widowhood and an absolute estate, and also the effect of the power of disposal; and his will should be interpreted so as to give force to the words which he used intelligently if not perspicuously. A construction which would give to the appellant an estate in fee would defeat one of the testator's objects which was to make some provision for his daughter after the death or marriage of the widow. Cooper v. Pogue, 92 Pa. 254, is a case closely resembling this, in which it was held that the widow took a life estate in the realty and an absolute estate in the personal property. To the same effect is Gross v. Strominger, 178 Pa. 64. In the latter case the will contained a power of sale and the question arose on a claim to the remainder of the proceeds, but an interpretation of the will was involved in the action. In Martin v. Heckman, 25 Pa. Superior Ct. 451, a devise "to my wife the whole of my estate, both real and mixed; after her death, the same, or whatever remains thereof, to be equally divided amongst my children, or their legal heirs, share and share alike" was held to vest a life estate in the widow. The appellant argues that the provision as to the testator's daughter is merely precatory and that there is no disposal of a residuary estate, but the language is not susceptible of this construction. The words with reference to the disposal of the testator's estate after the death of his wife are "my will is" and there is not only the appropriate language of a bequest but a power of disposal. Taking into consideration all of the terms of the fourth clause it gives to the testator's daughter all of his estate not given to his widow in the third clause. Our attention has been called by the appellant's counsel to Huber v. Hamilton, 211 Pa. 289; Boyle v. Boyle, 152 Pa. 108; Hardaker's Estate, 204 Pa. 181, as authorities supporting the appellant. They are all distinguishable, however. In the first of these there was an absolute gift to the wife; in all of them there was a power of disposal and in the last two there was no bequest of a remainder.

If, then, the wife took a life estate under the will the case

was rightly decided unless there is an implied power to sell. Such a power is contended for by the appellant and must be inferred if it exist from the use of the words "whatever may then remain of my estate" in the bequest to his daughter. As the bequests both to the widow and daughter included real and personal estate the provision of the will which authorizes the widow to use the estate has reference to the personal property and the enjoyment of the real estate. Authority to convey the real estate cannot be inferred merely from the use of language applicable to a different subject: Follweiler's Appeal, 102 Pa. 581; Cox v. Sims, 125 Pa. 522. An implied power of sale should be clearly indicated. We do not find it in the will presented for our consideration.

The judgment is, therefore, affirmed.