## Boraysu et ux. v. Tiley et al.

*F. R. Krebs*, for plaintiffs; *R. J. Graeff*, contra.

HICKS, J., April 2, 1928.—Frank Boraysu and Sophia Boraysu, his wife, plaintiffs, on Dec. 1, 1927, entered into an agreement with the defendants to purchase the lot of ground and buildings thereon erected, situate on the southeast corner of East Broad and Greenwood Streets, in the Borough of Tamauqua, this county, for the sum of $29,500, within sixty days from the date of the agreement upon the delivery of a deed conveying a good title. The time for the consummation of this sale to them by the defendants has been extended by the agreement of the parties until the judgment of the court could be obtained upon the question whether the defendants would have a fee simple title in the said real estate. The defendants, Clara Tiley and Christina Tiley, claimed title under and by virtue of the will of Rosina Tiley, a widow, who died on April 17, 1923, leaving a last will and testament dated Feb. 26, 1918, duly proved and registered at Pottsville, in this county, on Dec. 12, 1927. Upon the death of Rosina Tiley, she left to survive her a son, Harry L. Tiley, who has since died, his wife, Clara Tiley, and two children,

one of whom has since died. She also left another son, William F. Tiley, who has a wife, Christina Tiley, and five children. The defendants are ready and willing to deliver their deed to the plaintiffs, but the latter refuse to accept the same, contending that all the members of the families of Clara Tiley and Christina Tiley must join in the conveyance. The foregoing, together with a copy of the will of Rosina Tiley and the agreement of sale between the plaintiffs and the defendants, has, with the consent of both parties, been incorporated into a case stated for the opinion of the court. The following question is submitted for the court's decision: Whether the said Clara Tiley and Christina Tiley took an estate in trust or an estate in fee under the will of the said Rosina Tiley. If the court shall be of the opinion that the said Clara Tiley and Christina Tiley took an estate in trust under said will, then the court is respectfully requested to enter judgment in favor of the plaintiffs. If the court shall be of the opinion that the said Clara Tiley and Christina Tiley took an estate in fee under said will, then the court is respectfully requested to enter judgment in favor of the defendants.

The particular clause of the will for construction is the residuary clause, which provides: "and as to all the rest, residue and remainder of my estate, real, personal or mixed, of whatsoever nature or kind, or wheresoever situate at the time of my decease, I do hereby give, devise and bequeath unto Clara Tiley, wife of my son, Harry L. Tiley, and Christina Tiley, wife of my son, William F. Tiley, in equal portions, share and share alike, for the sole use of their families." Clara Tiley and Christina Tiley, daughters-in-law of the testatrix, were appointed executrices without bond "for the faithful performance of my wishes." In the second paragraph of the will the testatrix bequeaths one $100 Liberty Bond to each of her seven grandchildren "for their sole use and benefit." In the third item of the will another grandson, Harold Tiley, on account of deformity, is bequeathed an additional sum of $300 in cash "for his absolute use."

It is the contention of the plaintiffs that the testatrix, in the residuary clause of the will, created a trust in all her real estate for the sole use of the sons of the testatrix and their families; or, in other words, as the plaintiffs argue, the testatrix intended her sons and grandchildren to have the use of her residuary estate. On the other hand, the defendants urge that the two daughters-in-law, Clara Tiley and Christina Tiley, received a fee simple title, and that the words "for the use of their families" in the residuary clause are words merely expressive of desire, recommendation and confidence and cannot convert the devise into a trust.

This leads to an interpretation of the residuary clause, which is: "As to all the rest, residue and remainder of my estate, . . . I do hereby give, devise and bequeath unto Clara Tiley, wife of my son, Harry L. Tiley, and Christina Tiley, wife of my son, William F. Tiley, in equal portions, share and share alike, for the sole use of their families."

To gain the intent of the testatrix, the will must be construed from its four corners. At the time of the writing of the will, the testatrix had two sons, with their respective wives and seven grandchildren, living. She made specific bequests to the grandchildren and omitted to make either of her two sons beneficiaries of her bounty. That she had a high regard for her two daughters-in-law, implicit faith and confidence in them, is readily seen from the fact that she appointed them, rather than her two sons, as the executrices of her will, making special mention, from this aspect, that they were to serve without giving a bond "for the faithful performance of my wishes." Also, in the fourth item of the will, she expresses her wish and desire "that the

license be removed from the corner Broad and Greenwood Streets property" (which property appears to be the one now the subject of sale) "as soon as can be done after my decease, either at the end of tenant's term of leasing following my decease, but reimbursing the tenant the proportionate cost of license from termination of lease to end of said year, or that the lease be not extended longer than the close of said license year, and that the property afterwards be used for other mercantile business suited to the location and business, and I trust that my beloved children will carry out this last request of their mother." The particular wish and desire, thus expressed, would be carried out under the terms of her will by her two daughters-in-law, executrices, if carried out at all. Her love for her daughters-in-law is further evidenced by the fact that the residue of her estate is given to them rather than to the two sons.

If the residuary clause read "and as to all the rest, residue and remainder of my estate, real, personal or mixed, of whatever nature or kind, or wheresoever situate at the time of my decease, I do hereby give, devise and bequeath unto Clara Tiley, . . . and Christina Tiley, . . . in equal portions, share and share alike," there would be no dispute that Clara Tiley and Christina Tiley took a fee simple estate. Words of inheritance for this purpose would not be necessary, as the will having been written on Feb. 26, 1918, it would be subject in its construction to the operation of section 12 of the Wills Act of June 7, 1917, P. L. 403, 407, which re-enacts the Act of April 8, 1833, P. L. 249, and which provides: "All devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity, unless it appears by a devise over or by words of limitation, or otherwise, in the will, that the testator intended to devise a less estate."

By the addition of the words "for the sole use of their families," after an absolute devise in equal moiety to Clara Tiley and Christina Tiley, is the absolute devise changed into a trust and do Clara Tiley and Christina Tiley hold the residuum in trust for their families? Does the clause in the will as to the residuary estate, in speaking of which the testatrix declares, "I do hereby give, devise and bequeath unto Clara Tiley . . . and Christina Tiley . . . in equal portions, share and share alike, for the sole use of their families," create a trust, remembering that there is no devise over or words of limitation?

If the words "for the sole use of their families" indicate simply the object and purpose and hope of the testatrix, then the estate given to Clara Tiley and Christina Tiley is absolute and not a trust. The testatrix had a fee in all the real estate, and it was this fee which she would be considered as disposing of in the residuary clause. The gift of the real estate is to her two daughters-in-law, and *prima facie*, then, the fee is given to them in equal parts, share and share alike. Does the testatrix's expression of the inducement to make the devise, of the end which she believed and desired the devisees to be able to accomplish by it, reduce or qualify the estate? This end is "for the use of their families." The purpose in almost every devise is that the real estate shall be used by the devisee for the benefit of himself or herself and those in close relationship. Will the expression of this purpose or expectation diminish or modify the estate which, but for it, would unquestionably have passed? We do not think so.

"When a life estate is given to a widow for the 'support of herself and my daughter,' it is not reduced nor affected with a trust for the daughter by this expression of the purpose: Dale *v.* Dale, 13 Pa. 446; Paisley's Appeal, 70 Pa.

153; Mazurie's Estate, 132 Pa. 157; Haskins *v.* Tate, 25 Pa. 249. 'We think,' says Sharswood, J., in 70 Pa. 153, 'that the words which express the object for which the devise of the entire property was made to the wife for life meant to repose that discretion in her, did not vest any present interest in the children as *cestuis que trust* of any particular share or shares, and in that respect the principles of construction adopted in Pennock's Estate, 8 Harris, 268, are applicable.'

"If the bestowal of a life estate upon a mother for the support of the children creates no trust affecting that life estate, it is impossible to see how the bestowal of what would, but for the expression of the purpose to provide a support for children, be a fee, becomes a trust because of such expression. In one case the life estate is given to the mother for the support of herself and her children, but the children do not thus become equitable or legal co-owners; in the other case, the fee is given to the mother for the support of herself and her children; how do they become legal or equitable co-owners? If it is possible to give an estate of a certain magnitude *(e. g.,* a life estate) for such purpose without making the designed beneficiaries co-owners, is it not possible to give a still larger estate *(e. g.,* a fee) for a similar purpose with a similar exclusion of co-ownership? The expression of a desire or expectation will not convert a devise into a trust unless it appears that the testator intended not to commit the estate to the discretion of the devisee: Good *v.* Fichthorn, 144 Pa. 287; Burt *v.* Herron's Exec'rs, 66 Pa. 400; Hopkins *v.* Glunt, 111 Pa. 287; Bowlby *v.* Thunder, 105 Pa. 173:" Cressler's Estate, 161 Pa. 427, 433.

The words "for the use of their families" are expressive of desire, recommendation and confidence and are not words of technical, but of common, parlance, and are not, *prima facie,* sufficient to convert a devise or bequest into a trust. The reason of the rule is that an absolute estate having been given, it may not be derogated from by mere precatory words. Although it is undoubtedly true that where a testatrix makes an absolute devise or bequest, mere precatory words of desire or recommendation annexed will not in general convert the devisee or legatee into a trustee if it appears affirmatively that the words of desire or recommendation were intended to be imperative, then the rule is otherwise, but nothing affirmatively appears in the will now being construed that shows that the words were intended to be imperative: Stinson's Estate, 232 Pa. 218. The intention of the testator to create a trust must be apparent apart from the mere existence of words of trust or confidence, or none will be held to exist: Boyle *v.* Boyle, 152 Pa. 108, 113.

In Beck's Appeal, 46 Pa. 527, 532, the court holds: "So when the words are too indefinite to create a trust, the absolute property is vested in the legatee. So in cases where words are added expressing a purpose for which the gift is made, and where the purpose of the gift is the benefit solely of the donee himself, he can claim the gift without applying it to the purpose, and that it is conceived whether the purpose be in terms obligatory or not. Thus, if a sum of money be bequeathed to purchase for any person a ring, or an annuity, or a house, or to set him up in business, or for his maintenance and education, or to bind him as apprentice, or towards the printing of a book, the profits of which are to be for his benefit, the legatee may claim the money without applying it, or binding himself to apply it, to the specified purpose, and this even in spite of an express declaration by the testator that he shall not be permitted to receive the money." In Paisley's Appeal, 70 Pa. 153, the testator gave to his wife the rents and profits of all his property during her life for her support and the support and education of his children under the direction of his executors, and the court declared that this would not create a

trust for the children, either in the widow or the executors, nor give the Orphans' Court jurisdiction to call them to account or to decree in favor of the children for the future administration of the estate.

Because of the implicit faith and confidence which the four corners of the will indicate that the testatrix had in her two daughters-in-law, the defendants, and because of her apparent love for them, we cannot construe the words "for the use of their families" as imperative, but rather as expressing a desire, hope or recommendation and that it was her intention to divide the residuary estate amongst her two daughters-in-law equally and absolutely. Throughout the entire will the testatrix seems to rely upon the kindness or justice or discretion of her residuary devisees and executrices and to them she committed her residuary estate, expecting them to use their respective interests in behalf of their families: Pennock's Estate, 20 Pa. 268.

We, therefore, come to the conclusion that Clara Tiley and Christina Tiley take a fee simple title in the real estate included within the residuary clause of the will and that no trust was created in favor of their families. To hold otherwise would be to create a trust out of vague and indefinite words; the testatrix would die intestate in remainder, and the trust would be entirely without any description as to limitation of time, subjects of the trust and be wholly antagonistic to the apparent intention of the testatrix. Clara Tiley and Christina Tiley have an estate which they can convey.

In accordance with the terms of the case stated, judgment is entered in favor of Clara Tiley and Christina Tiley, defendants, and against Frank Boraysu and Sophia Boraysu, his wife, plaintiffs.

From M. M. Burke, Shenandoah, Pa.