# BENJ. GOOD ET AL. v. R. FICHTHORN ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
OF LANCASTER COUNTY.

Argued May 21, 1891—Decided October 5, 1891.

1. Where a testator gives an estate in fee-simple, and subsequent parts of the will unequivocally show that he means the devisee to take a less estate only, the prior devise is to be restricted accordingly; but such restriction will not be effected by words importing merely an intent or desire of the testator to withhold legal incidents of the estate already given.

(*a*) A testator gave to his wife all his estate " as her absolute property, . . . . with all the powers and rights in my entire estate . . . . that I myself possessed while living," with authority in her lifetime to sell and convey any part or all of his estate " as her absolute property," the proceeds to be her " absolute property " for her use and maintenance.

(*b*) He provided, further, that should his wife during her lifetime " not consume or use all my property, . . . . then I do hereby enjoin and direct her to make and publish her last will, . . . . that after her decease all the rest and residue not consumed, used, or sold by her, shall be divided," the one half among his, the other half among her brothers and sisters :

2. In such case, the testator, giving an absolute fee with express powers to consume or convey, did not himself devise the unconsumed residue, but requested his wife to do so, in words, ordinarily importing command, but so used as to indicate only an intent, not to reduce the estate previously given, but to control one of its incidents, and therefore unenforceable.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

No. 395 January Term 1891, Sup. Ct. ; court below, No. 30 September Term 1890, C. P.

On August 30, 1890, Benjamin Good and others, heirs at law of Solomon Good, deceased, brought ejectment against Richard Fichthorn and others, heirs at law of Isabella Good, deceased, to recover an undivided one half of a certain lot of ground on the south side of Main street, in the borough of Adamstown.    Issue.

At the trial, on February 24, 1891, testimony was adduced showing that the plaintiffs were the brothers and sisters, and children of deceased brothers and sisters of Solomon Good, who died seised of the lot in dispute on March 9, 1886, leaving a will dated February 24, 1879, duly admitted to probate, providing, after directing the payment of his debts and funeral expenses, as follows :

"Item. I give and bequeath unto my dear wife Isabella, all my estate, real, personal and mixed, that may remain after the payment of all my just debts and funeral expenses, as her absolute property ; vesting her, my said wife, with all the powers and rights in my entire estate, real, personal or mixed, that I myself possessed while living.

Statement of Facts.

" Item. I further direct that should my said wife Isabella be desirous in her lifetime to dispose of any part or all my real estate which I give and bequeath to her as her absolute property, she shall be at liberty to do so. And for the sale of the same, I do hereby vest her with sufficient authority to execute good and lawful deed or deeds for the same.

" Item. And as to my personal property, should my said wife be desirous to dispose of any or all of said personal property which I have bequeathed to her absolutely, she shall be at liberty to do so.

" Item. I further direct, that the proceeds realized from the sale of any of my personal or real estate, shall be the absolute property of my wife Isabella, and she shall be at liberty to use it for her use and maintenance in such a manner as she may deem proper.

" Item. I further direct that should my dear wife Isabella, during her lifetime, not consume, or use all my property, real and personal, for her proper support, then I do hereby enjoin and direct her to make and publish her last will and testament, that after her decease all the rest and residue not consumed, used, or sold by her, shall be divided, the one half in equal shares among my brothers and sisters or their heirs, and the other one half in equal shares among the brothers and sisters of my said wife or their heirs. My said wife shall also have the power and authority to nominate and appoint in her last will and testament some competent person as executor ; one or two, if she deem it proper.

" Item. And lastly, I do constitute, nominate and appoint my dear wife, Isabella Good, as executrix of this my last will and testament.

" In witness whereof," . . . .

It was shown, further, that Isabella Good, the widow of Solomon Good, deceased, died on April 29, 1889, leaving a will dated February 14, 1889, duly admitted to probate, as follows :

" In the name of God, amen. I, Isabella Good, widow of the late Solomon Good, deceased, of the borough of Adamstown, county of Lancaster, and state of Pennsylvania, do make, constitute and publish this to be my last will and testament.

" Namely : It is my will and wish, and I do hereby say, declare, publish and empower Allen Snader and David Landis,

my two friends, to be my executors of the estate left by me and by my husband after my death, and that the said Allen Snader and David Landis settle up the same in good faith, honesty and fidelity.

" In witness whereof," . . . .

It was admitted that the defendants in possession were the brothers and sisters and children of deceased brothers and sisters of Isabella Good, the testatrix. Solomon Good and Isabella Good both died childless.

The court, PATTERSON, J., instructed the jury to find in favor of the plaintiffs for the undivided one half of the property in dispute. A verdict for the plaintiffs having been returned, and a rule for a new trial discharged and judgment entered, the defendants took this appeal, assigning the instruction to find for the plaintiffs, for error.

*Mr. B. F. Davis*, for the appellants.

Counsel cited: Hancock's App., 112 Pa. 532, citing Weidman's App., 42 Leg. Int. 338; Kelly v. Miens, 135 Mass. 231; Turner v. Fowler, 10 W. 325; Walker v. Vincent, 19 Pa. 369, 372; Kennedy's App., 60 Pa. 511; McIntyre v. McIntyre, 123 Pa. 329; King v. Frick, 135 Pa. 575; Mickley's App., 92 Pa. 514; Withers v. Yeadon, 1 Rich. Eq. 324; Lawrence v. Cooke (N. Y.), 7 Cent. R. 101; Jauretche v. Proctor, 48 Pa. 466; Burt v. Herron, 66 Pa. 400; Pennock's Est, 20 Pa. 268, 278; Hopkins v. Glunt, 111 Pa. 287; Bowlby v. Thunder, 105 Pa. 173; Campbell v. Beaumont, 91 N. Y. 464; Lloyd v. Mitchell, 130 Pa. 205; Hunt's Est., 133 Pa. 260; Hoeveler v. Hune, 138 Pa. 442.

*Mr. John H. Fry* and *Mr. William R. Wilson*, for the appellees.

Counsel cited: (1) Biddle's App., 99 Pa. 525; Fox's App., 99 Pa. 382; Schott's Est., 78 Pa. 40; Hankins's Est., 4 W. & S. 300. (2) Stoudt's Est., 86 Pa. 386; Middlesworth v. Blackmore, 74 Pa. 414; Sheets' Est., 52 Pa. 257; Urich v. Merkel, 2 W. N. 550; Lewis's Est., 3 Wh. 162; German v. German, 27 Pa. 116; Stickle's App., 29 Pa. 234; 1 Jarman on Wills, 411; 1 Powell on Dev., *265; Doe v. Pearson, 6 East 173; Burt v. Herron, 66 Pa. 400; McIntyre v. McIntyre, 123 Pa. 329; Oyster v. Knull, 137 Pa. 448.

OPINION, MR. JUSTICE MITCHELL:

The will of Solomon Good gave his widow in the outset a fee-simple in the land in suit. This would be clear enough from the devise to her, "as her absolute property," in the fourth clause; but, as if to avoid any possible question on that point, the same clause vests her with "all the powers and rights" that testator himself possessed while living, and subsequent clauses declare she shall have the power to sell, and that the proceeds shall be her absolute property. Then follows the clause upon which the present contention arises: "Should my wife during her life-time not consume or use all my property, real and personal, for her proper support, then I do hereby enjoin and direct her to make and publish her last will and testament, that after her decease all the rest and residue not consumed, used, or sold by her shall be divided," etc. Did this clause reduce the fee previously given to a life-estate as to the unconsumed residue?

That such effect may be produced is admitted, but the presumption is against it. The rule is well expressed by STRONG, J., in Sheets' Est., 52 Pa. 257, thus: "If a testator give an estate of inheritance, . . . . and in subsequent passages unequivocally shows that he means the devisee to take a lesser interest only, the prior gift is restricted accordingly." As it must unequivocally appear that the testator meant to limit the estate, it has been uniformly held that no merely precatory words will be sufficient. Thus, in Pennock's Est., 20 Pa. 268, LOWRIE, J., speaking of the English rule, which was held not to be adopted here and to be fading away even in England, said: "If it can be implied from the words that a discretion is left to withdraw any part of the subject of the devise from the object of the wish or request, or to apply it to the use of the devisee, no trust is created;" and again: "If she could thus use (consume or spend) it, she was no trustee in the eye of the law." The general rule was accordingly held in that case to be that words expressive of desire or recommendation will not convert a devise into a trust, unless it appear that the testator intended not to commit the estate to the devisee, or its ultimate disposal to his discretion. And in Burt v. Herron, 66 Pa. 400, it was held that, while words of request in a will are commands as to the direct disposition of the estate, yet they are not so as to limitations

on previously granted estates, unless it appear affirmatively that they were intended to be imperative. "All expressions," says SHARSWOOD, J., "indicative of a wish or will, are commands. It is different when, having made a disposition, he expresses a desire that the devisee should make a certain use of his bounty." See, also, Hopkins v. Glunt, 111 Pa. 287.

The true test of the effect of language apparently at variance with other parts of the devise, is whether the intent is to give a smaller estate than the meaning of the words of the gift standing alone would import, or to impose restraints upon the estate given. The former is always lawful and effective, the latter rarely, if ever; the first, because the testator's intention is the governing consideration in the construction and carrying out of a will; the second, because even a clear intention of the testator cannot be permitted to contravene the settled rules of law by depriving any estate of its essential legal attributes.

Applying this principle to the present case, it is clear, as already said, that the testator gave a fee-simple absolute to his widow, repeated and reiterated, as if he wished to put it beyond all question. But it is also clear that he still thought it necessary, or at least permissible, for him to prescribe how it should be used. Therefore, he gives her all the rights and powers over it, that he had while living, and, in addition, specifies the right to sell and convey, to make title, to use the proceeds, and, lastly, as an adjunct to the will whose making he enjoins, "the power and authority" to appoint one or two executors, as she may deem proper. It is true that the words he uses in regard to the making of her will, "enjoin and direct," are in their natural meaning mandatory and imperative; but, coming as they do at the end, and in connection with the express enumeration of useless and superfluous powers, they indicate an intent to grant or withhold incidents of the estate already given. As said by MERCUR, C. J., in the analogous case of Bowlby v. Thunder, 105 Pa. 173, "Not a word herein indicates an intention to qualify or change the absolute devise which he had made to her." The language is no stronger than that in Jauretche v. Proctor, 48 Pa. 466, that "she is not to divest herself of what I may leave her, until after her death;" and "at the death of my wife, what I may have left her, that is to say, the residue, is to be divided," etc. "The paramount thought,"

says Chief Justice WOODWARD, " was to make his wife absolute owner of his estate, and he expressed this thought by sufficient words; but the particular thought was to take away from her one of the incidents of absolute ownership; in other words, that he would grant a fee with power of testamentary disposition, but would withhold the power of alienation." And this endeavor to restrict the use of the property was held inoperative. So here, the testator gave an absolute fee, with express powers to consume or convey. He did not devise the unconsumed residue himself, but desired his wife to do so. He put his request in strong words, ordinarily importing command, but so used as to indicate only an intent, not to reduce the estate previously given, but to control one of its incidents. Where that is the intent, no words, however strong, amount to more than a request which cannot be enforced by law.

Judgment reversed.