**COMMISSIONER OF INTERNAL REVE-
NUE v. CHILDS' ESTATE et al.**

No. 8590.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 19, 1944.

Decided Feb. 8, 1945.

Spurgeon Avakian, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Helen R. Carloss, and Joseph S. Platt, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

J. Garfield Houston, of Pittsburgh, Pa. (Hill Burgwin, Burgwin, Scully & Churchill and Blaxter, O'Neill & Houston, all of Pittsburgh, Pa., on the brief), for respondents.

Before GOODRICH and McLAUGH-LIN, Circuit Judges, and BARD, District Judge.

BARD, District Judge.

This matter arises on a petition for review of a decision of the Tax Court of the United States. There was no dispute as to the facts, which were stipulated and were adopted by the Tax Court as its findings of fact. The facts, in so far as they are here relevant, are as follows: The respondents are the executors under the will of Anna D. Childs, who was the widow of Harvey Childs, Jr., who died in 1917 a resident of Pennsylvania. His will was duly admitted to probate and, after making disposition of certain of his property, contained the following provision: "V. All the rest and residue of my Estate, of every sort, manner and description whatsoever, and wheresoever found, I give and bequeath to my beloved wife, Anna D. Childs, for her own, without any reservation of any sort, to use the income and such of the principal as may be necessary for her own maintenance and the comfortable maintenance of all my children unmarried and residing at home, with the wish that she look upon this bequest as a sacred trust, to be used as above indicated, and at her death to divide same equally among my children or their direct heirs, making such division, per stirpe". Harvey Childs, Jr., was survived by five children, three of them children of a former marriage and two who were also children of the decedent, Anna D. Childs. He also had a step-child who was the daughter of Anna D. Childs by a former marriage.

In 1918 the executors of the estate of Harvey Childs, Jr., filed a first and final account in the Orphans' Court of Allegheny County. After audit, the court entered a decree of distribution, awarding the residuary estate to Anna D. Childs in accordance with a schedule of distribution filed by the accountants. At the same time the court filed an opinion holding that Anna D. Childs need not file a bond for the protection of the children of the testator. In this opinion, it disclaimed any intention of passing on the question "whether the unconsumed residue is to be divided by her among his heirs or passes under this provision in the will."

Anna D. Childs died in 1939. Her executors filed an account in the Orphans' Court of Allegheny County in the estate of Harvey Childs, Jr., entitled "First and Final Account of Anna D. Childs (now deceased) Life Tenant under the Will of Harvey Childs, Jr." This account was confirmed absolutely after audit by the court, and a decree of distribution was entered awarding the balance on hand to the five children of Harvey Childs, Jr., who were described as "remaindermen" under the will of Harvey Childs, Jr.

At the time of his death Harvey Childs, Jr., was the sole proprietor of a business known as "H. Childs and Company." A four-fifths interest in this business was part of his residuary estate bequeathed under paragraph V of his will. Shortly after his death, the business was incorporated and four-fifths of the capital stock was issued to Anna D. Childs for her interest under the residuary clause.

On May 31, 1935 Anna D. Childs granted to her step-son, James H. Childs, an option for ten years to purchase 400 shares of the corporation stock at $10 per share. In this option it was recited that James H. Childs had managed and operated the company since 1917 and had rendered exceptional service to it through the depression, and that Mrs. Childs desired to give him the opportunity of increasing his stock holdings. The other four children requested Mrs. Childs to give this option, which had not been exercised by James H. Childs at the time this case was heard. The fair market value of the stock at the time of the death of Anna D. Childs was $100 a share.

The Commissioner assessed the deficiency based upon a determination that the decedent owned a fee or absolute interest in her husband's residuary estate and that the option did not have the effect of limiting the value of the stock for estate tax purposes. The respondents sought review of this determination in the Tax Court of the United States, which held that Anna D. Childs received a life estate rather than a fee, and that the taxable value of the stock subject to the option was limited to the price fixed therein.

In reply to petitioner's contention that the Tax Court erred in holding that Anna D. Childs received a life estate, respondents first argue that the decrees of the Orphans' Court of Allegheny County have conclusively determined the interests acquired by Anna D. Childs and by the children of the testator, and that accord-

ingly the Commissioner may not challenge that determination in this court. It is settled by the decisions of the Supreme Court that the determination of the extent of interests passing under a will is an adjudication of property rights controlled by local law and may not be challenged by the Commissioner in the assessment and enforcement of taxes. Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634; Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465. A significant limitation on this rule, however, has been recently set forth by this court in First-Mechanics National Bank v. Commissioner of Internal Revenue, 117 F.2d 127, 132 A. L.R. 1459, in which it was held that the Commissioner is bound by an adjudication of a state court only where such court has heard and determined the matter in question upon the merits. In that case the Court said that the mere pro forma approval by the state court of the executors' final account, in which credit was taken for the payment of a claim by the decedent's son against the estate and where no interested party objected, was not conclusive on the Commissioner in administering the net taxable estate of the decedent.

In the case at bar respondents relied first on the 1918 action of the Orphans' Court in the Harvey Childs, Jr., estate as an adjudication on the merits of the extent of the interests passing under his will. At that time, however, all that the court decided was that Anna D. Childs need not post a bond for the protection of the children, and its opinion specifically disclaimed any intention of deciding whether the unconsumed residue passed under the will of Harvey Childs, Jr.

The second action relied upon by respondents is the decree of the Orphans' Court in 1939 approving the first and final account of Anna D. Childs, described as "Life Tenant under the Will of Harvey Childs, Jr.", awarding the residue of the property to the five children of Harvey Childs, Jr., and designating them as "remaindermen". This was unquestionably an adjudication of the interests of the parties thereto and would be binding upon them and upon all other persons having an interest in the estate of Harvey Childs, Jr. But it does not appear that the court, in approving the account and distribution, gave such consideration to the merits of the question now at issue as to make it conclusive upon the Commissioner under the test set forth in the First-Mechanics case. The executors described the interest of Anna D. Childs as that of a life tenant and the interests of the children as those of remaindermen. The record of the proceedings in the Orphans' Court gives no indication that any one challenged either this description or the distribution.[1] There was little more reason for the court to consider on the merits a question which none of the parties at interest raised than there was for the Orphans' Court in the First-Mechanics case to consider the validity of the claim recognized by the executors.

Respondents seek to distinguish the instant case from that case on the ground that there is involved a question of devolution of property which is controlled exclusively by state law, whereas the deductibility of a claim for tax purposes is governed by the federal taxing statutes and regulations. In either case, however, the Commissioner is bound if the state court considers and decides the question on the merits. Conversely, if the state court does not consider or decide the question on the merits, it is immaterial whether the question is one of the devolution of property or the validity of a claim. What constitutes a "consideration on the merits", in the sense here used, may frequently be difficult to decide, and there can be no quarrel with respondents' contention that there need be no belligerent or acrimonious contest. We need not attempt to establish a sharp line of demarcation, since we are satisfied that in the case at bar there was no sufficient consideration of the question here at issue by the state court as to render its adjudication binding on the Commissioner.

Turning then to the construction of the will, we are constrained to differ from the conclusion reached by the Tax Court that, under the Pennsylvania law,

---

[1] It may be further noted that counsel for the executors stated to the court at the time of the audit of this account in 1939 that the will had been the subject of interpretation by the court in the 1918 proceedings and that the court had then held that Mrs. Childs had a life estate with power of consumption and not a fee. As pointed out above, there was no holding on this question in 1918, although the opinion of the court then rendered contained much language to support such a construction.

Anna D. Childs took only a life estate. It is of course true that the primary aim in considering a will is to ascertain and to give full effect to the testator's intent, In re Brennan's Estate, 324 Pa. 410, 188 A. 160, and that a layman's will should be construed as such, In re Lippincott's Estate, 276 Pa. 283, 120 A. 136. There has, however, been a definite line of cleavage drawn between cases in which the testator himself makes a gift over of the balance unconsumed by the first legatee, and cases in which the testator directs or requests a particular disposition of it by the first legatee. In the former situation the authorities are uniform that the first taker gets but a life estate. Fassitt v. Seip, 240 Pa. 406, 87 A. 957; In re Byrne's Estate, 320 Pa. 513, 181 A. 500; In re Rumsey's Estate, 287 Pa. 448, 135 A. 119; In re Brennan's Estate, 324 Pa. 410, 188 A. 160. In the latter situation, if the testator has used apt language to give the first taker a fee, but then attempts to control the testamentary disposition of the unconsumed balance by the first taker, such attempt is ineffective to reduce the first estate, regardless of the otherwise mandatory character of the words used and the possible intent of the testator as to the ultimate recipients of the property. Good v. Fichthorn, 144 Pa. 287, 22 A. 1032, 27 Am.St. Rep. 630; Smith v. Bloomington Coal Co., 282 Pa. 248, 127 A. 627; In re Kidd's Estate, 293 Pa. 21, 141 A. 644; In re Herskovitz's Estate No. 1, 81 Pa.Super. 379. In the leading case of Good v. Fichthorn, supra, the testator gave property to his wife for her use and maintenance and then provided (144 Pa. at page 289, 22 A. at page 1032, 27 Am.St.Rep. 630): "I further direct that should my dear wife * * * not consume, or use all my property * * * for her proper support, then I do hereby enjoin and direct her to make and publish her last will and testament, that afetr her decease all the rest and residue not consumed * * * shall be divided, the one half in equal shares among my brothers and sisters or their heirs, and the other one half in equal shares among the brothers and sisters of my said wife or their heirs."

The Supreme Court of Pennsylvania held that under this language, the wife of the testator took a fee, not merely a life estate.

■ In the case at bar it is not free from doubt whether the testator sought to make a disposition of the balance of his property unconsumed by his wife in her lifetime or sought to control her testamentary disposition thereof. He first states in paragraph V of his will that he gives and bequeaths his residuary estate to his beloved wife "without any reservation of any sort," but then states that she is to "use the income and such of the principal as may be necessary for her own maintenance and the comfortable maintenance of all my children unmarried and residing at home." To this he added the "wish that she look upon this bequest as a sacred trust to be used as above indicated and at her death to divide same equally among my children or their heirs, making such division per stirpe." We think that, regardless of whether the words "and at her death to divide same" are read as being appended to the words "to use the income, etc.," or to the words "to be used as above indicated", it was the intent of the testator that the division be made by his wife "at her death", and that he did not himself purport to make a present disposition of the balance unconsumed by his wife in her lifetime. Accordingly, under the Pennsylvania authorities, she took a fee and the testator's subsequent attempt to control her disposition of the property at her death was ineffective.

■ The final point urged by the petitioner is that the Tax Court erred in holding that the value for estate tax purposes of the 400 shares of stock subject to the option granted by Anna D. Childs to James H. Childs was $10 per share, the option price, and not $100 per share, the market price. Petitioner's contention is that this option may not be specifically enforced and that the legally enforceable right to damages resulting from the fact that the option was under seal would not create a claim against the estate deductible for estate tax purposes, since the claim had not been contracted "for an adequate and full consideration in money or money's worth", as required by Section 812(b) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 812(b). It does not appear from the record that this contention was made before the Tax Court nor in the petition for review filed in this Court. The contention of the Commissioner before the Tax Court was that the fact that the option had not been exercised at the time of the decedent's death compelled the court to disregard the option. In review-

ing a decision of the Tax Court, this court will not consider contentions not made before that court and presented for the first time in the argument before this court. General Utilities & Operating Co. v. Helvering, 296 U.S. 200, 56 S.Ct. 185, 80 L. Ed. 154. Accordingly, the decision of the Tax Court that the option value is controlling for estate tax purposes must stand.

The decision of the Tax Court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.