### EARLE et al. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 10269.

Circuit Court of Appeals, Sixth Circuit.
Oct. 23, 1946.

502

Scott P. Crampton, of Washington, D. C. (Geo. E. H. Goodner and Scott P. Crampton, both of Washington, D. C., on the brief), for petitioner.

Harry Marselli, of Washington, D. C. (Douglas W. McGregor, of Houston, Tex., Sewall Key, J. Louis Monarch, and Harry Marselli, all of Washington, D. C., on the brief), for respondent.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

## PER CURIAM.

This petition for review involves a deficiency in an estate tax determined by the Commissioner and sustained by the Tax Court against the estate of Emma Earle, deceased, and against G. Harold Earle and Stewart E. Earle, former executors, and residuary beneficiaries of the estate of Emma Earle, whose liability either as fiduciaries or transferees is conceded for the taxes due from Emma Earle's estate. A trust had been established by the will of George W. Earle in 1923, the important provision of which is as follows: "I further direct that the income accruing to said trust estate shall be distributed at such times and in such amounts as said trustee shall deem best; said income to be paid to my wife, Emma Earle, one-third, to G. Harold Earle, his heirs, executors or administrators, one-third, and to Stewart Earle, his heirs, executors or administrators, one-third."

Under this provision the income had been accumulated by the trustees and not paid out. It was contended that the testator invested the trustees with an absolute discretion to withhold distribution of the income, but the Tax Court concluded from the express words above quoted and the fact that the will did not provide for accumulation, that the testator intended that the income should be distributed in the portions stated; that Emma Earle had a vested right to one-third of the income of the trust, and that there was a deficiency in her estate tax in the amount of $48,322.28.

We think this decision was clearly correct upon the facts of the case which we deem it unnecessary to discuss further. The important legal question presented arises from the fact that following the death of Emma Earle the testamentary trust of George W. Earle was closed in the Probate Court of Menominee County, Michigan, and the assets then on hand were distributed to G. Harold Earle and Stewart E. Earle as residuary beneficiaries of the trust. This distribution was made in an order which recited that G. Harold Earle and Stewart E. Earle were the sole residuary legatees and devisees under the will and "the only persons interested in said estate. * * *"

The petitioners therefore contend that under the order of the Probate Court no part of the undistributed income of the George W. Earle estate has in fact passed to Emma Earle or her estate, and that it is unjust to determine the deficiency, for it imposed a tax on the receipt of property which was never received. But the interest of a decedent under a will may be liable for an estate tax even though the property has never been received. Cf. Sharpe v. Commissioner, 3 Cir., 107 F.2d 13, cert. denied, 309 U.S. 665, 60 S.Ct. 591, 84 L.Ed. 1013. Moreover, under this record this objection has only academic force. The petitioners were residuary beneficiaries, both under the will of George W. Earle and under the will of Emma Earle. They concede their liability for any deficiency in taxes due from Emma Earle's estate. They did in fact receive the amount accumulated which, under the will, should

have been distributed to Emma Earle. The practical situation is that if the Tax Court is bound by the finding of the Probate Court, although one-third of the income under the testamentary trust belonged to Emma Earle, the petitioners to that extent escape the liability which is rightfully theirs.

If the question of the interest of Emma Earle in the income of the trust had been considered and adjudicated by the Probate Court, petitioners' contention that its order would bind the Tax Court and this court would be sustained. Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465; Sharp v. Commissioner, 303 U.S. 624, 58 S.Ct. 748, 82 L.Ed. 1087. If the Probate Court did not pass upon the question of the extent of Emma Earle's interest in her husband's estate under the will, its decision is not controlling here. Commissioner v. Childs' Estate, 3 Cir., 147 F.2d 368.

The record does not show that the issue of the extent of the interest received by Emma Earle in the trust established under her husband's will was considered by the state court. Two orders of the Probate Court are shown, one of them issued in 1926, handing over the trust property to the trustees. The second, issued in 1941, distributed the residue of the trust estate to the petitioners, stating that the petitioners are the sole residuary legatees and devisees under the will, and entitled to the residue of the trust estate. Both orders are perfunctory administrative orders, drawn in a form not in all respects applicable to the facts or the relationships of the parties, and show upon their face that Emma Earle's interest was not considered. Emma Earle had no reason to oppose the turning over of the trust property to the trustees in 1926, and when the order of 1941 was entered she was dead. Her executors were her sons, the petitioners, who also were her sole heirs and residuary beneficiaries, as well as the residuary heirs and legatees of George W. Earle. We conclude that the particular question was not decided by the Probate Court.

The decision of the Tax Court is affirmed.