## G. Harold EARLE v. COMMISSIONER OF INTERNAL REVENUE.

No. 10270.

Circuit Court of Appeals, Sixth Circuit.

Oct. 23, 1946.

George E. H. Goodner and Scott P. Crampton, both of Washington, D. C., for petitioner.

Sewall Key, of Washington, D. C., for respondent.

Before ALLEN, MARTIN, and MILLER, Circuit Judges.

PER CURIAM.

On petition to review decision of the Tax Court of the United States. 5 T.C. 991.

This cause came on to be heard on the transcript of the record from the Tax Court of the United States.

Upon oral stipulation made in open Court agreeing that the decision in case No. 10,269, Estate of Emma Earle, etc., v. Commissioner shall be controlling and determinative, it is therefore, upon the authority of the opinion this day filed in Estate of Emma Earle, etc., v. Commissioner, 157 F.2d 501, ordered, adjudged and decreed that the decision of the Tax Court be and the same is affirmed.

## H. T. CRAWFORD, Doing Business as Glenwood Lumber Company, Appellant, v. Paul A. PORTER, Administrator, Office of Price Administration, Appellee.

No. 13411.

Circuit Court of Appeals, Eighth Circuit.

Nov. 9, 1946.

Boyd Tackett, of Nashville, Ark., for appellant.

Walter D. Murphy, Atty., Office of Price Administration, of Washington, D. C. (George Moncharsh, Deputy Administrator for Enforcement, David London, Director, Litigation Division, and Albert M. Dreyer, Chief, Appellate Branch, all of Washington, D. C., on the brief), for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

PER CURIAM.

This appeal is from a judgment in an action brought by the appellee for statutory damages and an injunction under Section 205(a), (c) and (e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925(a), (c) and (e).

This case differs in no substantial particular from the case of Crary v. Porter, 157 F.2d 410, decided by this Court on October 4, 1946. That case arose out of a similar state of facts and presented the same questions on appeal. The decision in that case requires the affirmance of the judgment in the instant case.

Affirmed.