**GALLAGHER v. SMITH et al.**

**Civ. A. No. 12973.**

United States District Court
E. D. Pennsylvania.

Dec. 4, 1953.

Herman J. Obert, Philadelphia, Pa., for plaintiff.

W. Wilson White, Philadelphia, Pa., Rodger Stuart, Washington, D. C., for defendants.

WELSH, District Judge.

In this action plaintiff has filed motions for summary judgment under Rule 56 and for judgment on the pleadings under Rule 12(c) and the defendant and intervenor have filed a motion for summary judgment.

The Commissioner of Internal Revenue assessed income tax deficiencies and interest thereon for each of the years 1943 through 1948 in the total amount of $490,748.38. This action was brought by plaintiff taxpayer to recover the sum of $3,600 which was paid on account of said deficiencies. The United States of America has intervened to set up the entire amount of the tax in dispute.

1. The trust created under and by the will of Edward A. Gallagher, deceased, provides inter alia: "I hereby devise, give and bequeath all of my estate, real and personal of whatsoever nature and wheresoever situated to my wife Immaculata, also called Lottie, and my attorney Louis Marion, Esquire as Trustees In Trust nevertheless to and for the following uses and purposes: A. To hold, invest, re-invest and to receive the income therefrom and distribute the same to my wife Immaculata also called Lottie, for her benefit, maintenance and support and that of all my children living with her at the time during the term or period of her natural life or as long as she shall remain unmarried."

If under the above-quoted provision of the trust the taxpayer, the widow of the deceased, is entitled to the entire net income to the exclusion of her twelve children she will be denied a refund of the money already paid and she will be liable for all of the assessed income tax deficiencies, but if she is entitled to only one-thirteenth share of the net income contrary conclusions will obtain.

2. We think a proper construction of the language above quoted justifies the conclusion that the widow is to receive the entire net income of the trust estate. The expression, for the benefit, maintenance and support of the beneficiary's children, is considered explanatory of the object of the gift and not as vesting any interest in the children. In re Cunningham's Estate, 340 Pa. 265, 16 A.2d 712.

3. The taxpayer's confirmation of release and disclaimer which renounced her right to the net income of the trust in excess of one-thirteenth portion thereof did in nowise affect or alter her tax liability. This is so because the trust created by the decedent is a spendthrift trust and under the law of Pennsylvania the beneficiary of such a trust can at any time revoke an assignment of the net income of a spendthrift trust, and a fortiori the beneficiary of such a trust can at any time revoke a release and disclaimer and receive future income. In re Borsch's Estate, 362 Pa. 581, 67 A.2d 119.

4. Finally, we are not bound by the adjudication of the Orphans' Court of Philadelphia County, Pennsylvania, which provides that the widow is entitled to only one-thirteenth share of the net income of the trust both under the terms of the trust and by virtue of her confirmation of release and disclaimer. This is so because the record discloses that the proceedings in the Orphans' Court were of a nonadversary nature. First-Mechanics Nat. Bank of Trenton v. Commissioner of Internal Revenue, 3 Cir., 117 F.2d 127, 132 A.L.R. 1459, and Commissioner of Internal Revenue v. Childs' Estate, 3 Cir., 147 F.

2d 368. Also, we feel the fact that notice of the Orphans' Court proceedings was sent to the Revenue Agent in Charge, Department of the United States Treasury, and the fact that the government failed to appear did not confer an adversary character upon said proceedings and consequently do not alter or affect the taxpayer's tax liability.

5. We hold, therefore, that under the terms of the trust created by Edward A. Gallagher, deceased, the widow, the taxpayer herein, is entitled to the entire net income of the trust and that her tax liability therefor is not altered or affected by her confirmation of release and disclaimer and the adjudication of the Orphans' Court. We hold also that the taxpayer will be denied a refund of the money already paid and that she will be liable for all of the assessed income tax deficiencies.

Accordingly, plaintiff's motions for summary judgment under Rule 56 and for judgment on the pleadings under Rule 12(c) will be denied and the motion of the defendant and intervenor for summary judgment will be granted.