ESTATE OF ANTOINETTE P. MITCHELL, THE FARMERS NATIONAL BANK AND TRUST COMPANY OF ASHTABULA, EXECUTOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Mitchell v. Commissioner
Docket No. 8098-79.
United States Tax Court
T.C. Memo 1981-185; 1981 Tax Ct. Memo LEXIS 559; 41 T.C.M. (CCH) 1290; T.C.M. (RIA) 81185; April 20, 1981. *559 Held, accumulated income of a testamentary trust created under the will of decedent's mother is includible in the gross estate of decedent under sec. 2033. John Howland, for the petitioner. Kristine A. Roth, for the respondent. EKMAN
MEMORANDUM OPINION EKMAN, Judge: Respondent determined a deficiency in Federal estate tax for the Estate of Antoinette P. Mitchell in the amount of $ 49,725.75. Due to concessions by the parties the sole issue remaining for decision is whether accumulated income from a trust established by Antoinette P. Mitchell's mother is includible in the gross estate under section 2033. This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedures. The stipulation of facts and exhibits attached thereto *560 are incorporated herein by this reference. Petitioner is the Estate of Antoinette P. Mitchell, The Farmers National Bank and Trust Company of Ashtabula, Executor, which at the time the petition herein was filed had its principal place of business in Ashtabula, Ohio. Antoinette P. Mitchell (the decedent) died testate on July 2, 1975, and the estate tax return for petitioner was timely filed with the Internal Revenue Service Center at Cleveland, Ohio. The decedent was a beneficiary of a trust established under the will dated April 6, 1929, of Cara R. Paine, her mother. The relevant portion of Cara R. Paine's will provided: I give, devise and bequeath the remaining two-thirds (2/3) of the residue of my estate to my husband, TRACY H. PAINE, in trust, however, to pay the income therefrom to my daughter, ANTOINETTE P. MITCHELL, during her life on the terms and conditions herein written and I authorize my said trustee in the event that the income is not sufficient to pay FIVE THOUSAND DOLLARS ($ 5,000.00) per year to my said daughter, to use the principal of said trust to the extent that the minimum to be paid to my said daughter shall be $ 5,000.00 per year. If the income amounts *561 to more than $ 5,000.00 per year the excess of said income over $ 5,000.00 is to be paid by my trustee to my said daughter at his discretion and any excess of said income over the amount paid to my daughter shall be held by my said trustee in trust on the same terms and conditions as the principal. When my daughter, ANTOINETTE P. MITCHELL, shall become forty-five (45) years of age I further direct my trustee to pay to her from said trust fund, including principal and accumulated income, the lump sum of TWENTY-FIVE THOUSAND DOLLARS ($ 25,000.00). If my said husband shall not be living at the time of my decease, or he survives me, then on his death my daughter, ANTOINETTE P. MITCHELL, shall act as such trustee and in addition to the $ 25,000.00 legacy which she shall receive at the age of forty-five, shall have during her life the entire income from said trust for her own purposes as and for her own property to be used, expended and appropriated by her for herself and for the care and education of her children. If neither my husband, TRACY H. PAINE, nor my daughter, ANTOINETTE P. MITCHELL, shall be living at the time of my decease or if both survive me, then on the death of my *562 husband and my daughter, my son-in-law, DONALD W. MITCHELL, shall succeed to the trust herein created as such trustee and shall have the income from said trust fund or as much as may be necessary to expend for the care, comfort and education of my grandchildren then living, share and share alike. After the death of my daughter, ANTOINETTE P. MITCHELL, I direct my trustee to pay to such of my grandchildren, if any, as have arrived at the age of twenty-five (25) years, or as each grandchild arrives at the age of twenty-five (25) years, his or her share of the principal and any accumulated income, and the trust thereupon shall cease and determine as to that grandchild or grandchildren. The share of each grandchild to be determined by dividing the trust estate, including principal and accumulated income, by the number of grandchildren living at the time any such share becomes payable, counting as one living grandchild, however, the living issue of any deceased grandchild. Tracy H. Paine was duly appointed trustee of the testamentary trust and served as such until March 4, 1950, at which time he resigned. On the same date Donald W. Mitchell was appointed, with the consent of decedent, *563 to be trustee and served as trustee throughout the remainder of decedent's life. From March 4, 1950, until decedent's death, the only beneficiary to whom disbursements of trust income were made was the decedent. During the same period, income in the amount of $ 180,431.04 was accumulated by the trust. Respondent, in his notice of deficiency, determined that the accumulated income of $ 180,431.04 was includible in the decedent's estate. Section 2033 provides that "[t]he value of the gross estate shall include the value of all property to the extent of the interest therein of the decedent at the time of his death." To determine whether the decedent had an interest in property, we must look to State law. Blair v. Commissioner, 300 U.S. 5 (1937). As the Supreme Court said in Aquilino v. United States, 363 U.S. 509, 513 (1960), "in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property." The parties agree that the interpretation of the will of Cara R. Paine is controlled by the law of the State of Ohio. Neither party introduced evidence of an adjudication *564 of an Ohio court with respect to the interest of decedent in the accumulated income of the trust at the date of her death. However, the law is well settled in Ohio that in will construction cases the court is to ascertain and carry out the intention of the testator and that such intention must be ascertained from the words contained in the will. Boulger v. Evans, 54 Ohio St.2d 371, 377 N.E.2d 753 (1978). There is apparently no disagreement between the parties as to the applicability of that rule here. The parties do disagree, however, as to the operative effect of the language of Cara R. Paine's will, petitioner contending that: (1) decedent was entitled to the entire income from the trust only if she were acting as trustee, (2) she declined to serve as trustee, (3) decedent was accordingly entitled only to the income actually distributed to her, and (4) the trustee was required to accumulate the remaining income for the benefit of the grandchildren of Cara R. Paine. Stated in legal terminology, petitioner's position is that Cara R. Paine intended to provide a life estate for her daughter in so much of the income of the trust as the trustee deemed necessary and *565 to have the remaining income and corpus accumulated for her grandchildren. We do not agree that the language of the will is susceptible of such an interpretation. A reading of the provisions of the will governing the administration of the trust during the lifetime of Tracy H. Paine indicates clearly, and we so find, that Cara R. Paine intended that her daughter receive a minimum of $ 5,000 per year plus so much of the income in excess of that amount, if any, as Tracy H. Paine, decedent's father, should determine at his discretion. Any undistributed income was to be added to principal. The contingency that Tracy H. Paine would choose not to serve as trustee was not contemplated in the will. Moreover, we find that Cara R. Paine intended that when Tracy H. Paine died or, implicitly, if he ceased to serve as trustee, her daughter, if living, would succeed as trustee. She would also then have the right to the entire income generated by the trust while preserving the corpus for distribution to Cara R. Paine's grandchildren. Her right to the income was in no way conditioned upon her serving as trustee. Thus, the fact that the decedent declined the position of trustee when her father *566 resigned did not affect her right to the income from the trust. [1] Throughout the remainder of her life she had the right to such income whether accumulated or generated currently. Moreover, we find no provision in the trust instrument giving the trustee power or discretion to accumulate income.See Estate of Christ v. Commissioner, 54 T.C. 493, 551 (1970), affd. 480 F.2d 171 (9th Cir. 1973). We therefore hold that the income from the trust which was accumulated from March 4, 1950, the date of Tracy H. Paine's resignation as trustee, to the date of decedent's death is includible in her estate under section 2033. See Estate of Christ v. Commissioner, supra; Estate of Earle v. Commissioner, 5 T.C. 991 (1945), affd. per curiam 157 F.2d 501 (6th Cir. 1946). Due to concessions by the parties Decision will be entered under Rule 155. Footnotes
1. No evidence was presented that Antionette P. Mitchell ever disclaimed her interest in the income from the trust.↩